IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| KIMBERLEY SHAEF, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| v. | ) ) ) | No. CIV-15-1048-HE |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for supplemental security income benefits and widow's disability benefits under the Social Security Act, 42 U.S.C. §§ 416(I), 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff filed an application for supplemental security income benefits ("SSI") on September 20, 2011 (protective filing date), and an application for widow's disability benefits on April 4, 2012. In these applications, Plaintiff alleged that she became disabled

1

as of December 1, 1998, due to shoulder and lower back impairments and anxiety disorder. (TR 176). Plaintiff stated that she stopped working on September 30, 2002, due to her deceased husband's illness. (TR 176). Plaintiff's earnings record showed either no or minimal earnings for the years 1974 through 2012. (TR 165).

Plaintiff stated that she had undergone two previous operations to repair herniated discs in 1982 and 1991. (TR 180-81). Plaintiff's medical record shows that she made a number of visits to the OU Medical Center's emergency room ("ER") between November 2008 and July 2011. Plaintiff was treated conservatively at this ER in November 2008 for a left proximal humerus fracture (the humerus bone in the shoulder joint) with a sling and pain medication. (TR 319-327). Plaintiff later sought treatment at the same ER for back pain related to "lifting" in May and August 2009. (TR 265, 273). In May 2010, Plaintiff was treated at the same ER for shingles. (TR 282). She was prescribed pain and antiviral medications. (TR 283).

In August 2010, Plaintiff was treated at the same ER for cervical strain following a motor vehicle accident. Plaintiff was prescribed pain and muscle relaxant medications. (TR 292). She was treated at the same ER for a fracture to the left humerus in December 2010. (TR 295). She was prescribed pain medication and advised to wear a sling. In September, October, and November 2010, Plaintiff saw a physician's assistant at a medical clinic in Oklahoma City, where she was prescribed pain and anxiolytic medications for osteoarthritis and anxiety. (TR 250-255).

Plaintiff sought treatment for back pain at the OU Medical Center's ER in January

2011 after she reportedly "slipped and fell" down some stairs. (TR 300). Plaintiff sought treatment in July 2011 at the same ER for an injury to her left foot that occurred after she dropped a "stereo" she was carrying on her foot. (TR 309-313). She was treated for a fracture of the shaft of the third metatarsal of her left foot with an orthopedic shoe, splint, crutches, and pain medication. (TR 310).

Plaintiff's medical record reflects that Dr. Bautista, a physician located in Guymon, Oklahoma, saw Plaintiff every two to five months between July 2011 and November 2012 for medication refills.[1] Dr. Bautista's office notes reflect that Plaintiff sought treatment for left ankle pain with swelling and anxiety, and she was prescribed pain and anxiolytic medications. (TR 401-406).

In November 2011, Plaintiff underwent a consultative physical examination conducted by Dr. Brennan for the agency. Plaintiff underwent a consultative mental status examination conducted by Dr. Cruse for the agency in December 2011.

At a hearing conducted on January 6, 2014, before Administrative Law Judge Levine ("ALJ"), Plaintiff appeared with counsel and testified. During this hearing a medical expert, Dr. Schosheim, and a vocational expert ("VE") also testified.

On April 7, 2014, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act and not entitled to benefits. The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final

---

[1]Plaintiff stated that she resided in Oklahoma City, Oklahoma. It is not clear why she would seek treatment on a regular basis with a physician located 264 miles from her residence.

decision of the Commissioner. See 20 C.F.R. § 416.1481; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401 *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord, 42 U.S.C. § 1382c(a)(3)(A); see 20 C.F.R. § 416.909 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. Barnhart v. Walton, 535 U.S. 212 (2002).

4

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. See 20 C.F.R. § 416.920(a)(4), (b)-(g). "If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005). "The claimant is entitled to disability benefits only if he [or she] is not able to perform other work." Bowen v. Yuckert, 482 U.S. 137, 142 (1987).

III. RFC Finding

Plaintiff raises only one ground to support her appeal. Plaintiff alleges that the ALJ's RFC assessment is faulty because the ALJ failed to specify the frequency of her need to alternate sitting and standing. In the ALJ's RFC assessment, the ALJ found that Plaintiff could stand/walk for two hours in an eight-hour day and sit for six hours in an eight-hour day but she "will need the opportunity to change position every hour at the work station and without taking a break." (TR). The ALJ included additional postural, environmental, and relational restrictions in the RFC.

During the hearing, the ALJ posed this RFC assessment as a hypothetical inquiry to the VE to elicit testimony concerning the availability of jobs for an individual with this RFC. (TR 49-50). The VE testified that such an individual could perform unskilled, sedentary jobs such as an addresser and film touch-up inspector and the light, unskilled job of sewing

machine operator. The VE stated that "these jobs typically give you the sit-stand option and/or are classified as such because of lifting or repetitiveness, not because you performed them standing." (TR 31).

Plaintiff relies on a Social Security Ruling, SSR 96-9p, which addresses the impact of an RFC assessment for less than a full range of sedentary work and requires that the RFC assessment "be specific as to the frequency of the individual's need to alternate sitting and standing." SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). The ruling suggests that an ALJ consult a vocational expert in these circumstances.

In a recent decision, the Tenth Circuit Court of Appeals found that a nearly identical RFC assessment "provided sufficient information to support the RFC assessment concerning [the claimant's] need to alternate sitting and standing." Wahpekeche v. Colvin, 2016 WL 537248 (10th Cir. 2016)(unpublished op.). In that case, the ALJ found that the claimant would need to change positions at her workstation and stand without breaks. When posed with a hypothetical containing this RFC, the VE had testified during the claimant's hearing that the hypothetical person could perform her previous job as a PBX operator. The Tenth Circuit affirmed the Commissioner's decision denying the claimant's application for disability benefits and found that this RFC assessment adequately specified the frequency of the need to alternate sitting and standing.

No error occurred here in connection with the ALJ's RFC assessment. That assessment included adequately specific information concerning the Plaintiff's need to alternate sitting and standing. The VE's testimony that such an individual could perform

sedentary and one light job with such restrictions provides substantial evidence to support the Commissioner's step five decision. Therefore, the Commissioner's decision denying Plaintiff's applications for benefits should be affirmed.

## RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 8th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 18th day of July, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE